UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALBERT PARSONS,

                Plaintiff,

                                              **Hon. Hugh B. Scott**

        v.

                                              12CV48A

                                              **Report**
                                                &**&**
TODD L. TRYON, MS. LINK, et al.,        **Recommendation**

                Defendants.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 15). The instant matter before the Court is defendant nurse practitioner Candace Link's ("Link") motion to dismiss (Docket No. 14[1]). Responses (after extension, see Docket No. 18; cf. Docket No. 16) were due by April 1, 2013, and any reply by April 10, 2013 (Docket Nos. 19, 20), and the motion was deemed submitted without oral argument on April 10, 2013.

## BACKGROUND

This is a pro se civil rights action challenging the conditions at the Buffalo Detention Center, Batavia, New York (hereinafter "Batavia"), when plaintiff was in custody at that facility[2]

---

[1]In support of her motion, defendant Link submits her Memorandum of Law, Docket No. 14; and her Reply, Docket No. 22.
    In response, plaintiff submits his Response, Docket No. 21. Plaintiff, currently incarcerated in the Niagara County Jail, dated his response April 1, but mailed it later due to the delay in obtaining a notary, id., Ex.

[2]Plaintiff also has federal criminal charges pending in this Court, see United States v. Vendetti, Parsons, et al., No. 10CR360, and he may have been detained at Batavia while awaiting

(Docket No. 1, Compl.; Docket No. 10, Order of Aug. 16, 2012, at 1). Plaintiff sought leave to proceed in forma pauperis (Docket Nos. 2, 8), moved for protection and against retaliation (Docket Nos. 3 (for emergency screening and service), 4, 9), and moved for leave to amend the Complaint (Docket Nos. 6, 7). His first motion for in forma pauperis status was denied, but his second was granted, while the motions for leave to amend and for injunctive relief were denied (Docket No. 10). In this Order, Chief Judge Skretny dismissed all of plaintiff's claims and defendants (with leave to amend some claims), leaving only a claim against moving defendant Link (id.; Docket No. 14, Link Memo. at 1 & n.1). Plaintiff has not filed another motion for leave to amend the pleadings.

Plaintiff alleges that he was denied access to adequate and timely medical treatment while at Batavia by Link (Docket No. 1, Compl. ¶¶ 18-38; Docket No. 10, Order of Aug. 16, 2012, at 11, 18). Plaintiff claims that since April 12, 2011, when he arrived at Batavia, he advised the medical staff there of his prior condition due to being kicked by a horse in early 2000 (Docket No. 1, Compl. ¶ 18). He told Link that his legs would go numb and be very painful and that his back and left hip were in constant pain (id. ¶ 19). Plaintiff subsequently was seen by Link for his back, left hip, and for a staph infection in his right foot; plaintiff is unaware of what his medical records at Batavia contain (id. ¶ 20). On or about May or June 2011, plaintiff was seen by Link and she concluded that his foot was infected and prescribed foot soaking, but apparently did nothing as plaintiff sat and watched her for 20-30 minutes (id. ¶ 21). He complains that Link did not ask how he got the infection; he asked that Link examine him and she refused (id. ¶ 22). About 3-4 weeks later, plaintiff was placed on antibiotics for the staph infection, accusing Link

---

trial of these charges.

of negligence in not obtaining these antibiotics sooner or failing to examine him (id. ¶ 23 & 5 n.5). In late June or early July 2011, plaintiff showed his infected foot to an unnamed inspector who asked what was done to treat it and who was responsible (id. ¶¶ 24-25). Instead of receiving foot soak treatment that day, plaintiff was "whisked to an outside hospital, Erie County Medical Center" (id. ¶ 26). The physician who examined plaintiff at the medical center said that "this is very serious. You're a lucky man to still have your foot. A little longer and we would have amputated your leg below the knee" (id.). At the medical center plaintiff "was immediately loaded up with intravenous antibiotics" (id. ¶ 27).

From June 2011 until January 2012 (when he filed this Complaint), plaintiff repeatedly sought Link to examine him for his foot, back, left hip, and legs; all Link did was to have plaintiff stand up and bend over as the extent of her examination (id. ¶ 28). Plaintiff complains that he suffers severe pain in his back, left hip, both legs, and the second toe of his right foot (especially in cold weather) with Link not treating any of these conditions (id. ¶ 29). Nothing was done for him during his visits to the infirmary (id. ¶ 30). In mid-December 2011, plaintiff complained to unnamed nurses that he had difficulty climbing stairs (which he alleges he advised Link of since April 2011, id. at 7 n.6) due to the horse kicking incident; plaintiff was taken to the medical department but not examined (id. ¶¶ 31, 32). Plaintiff was finally seen by Link on January 10, 2012; she denied his request for a second blanket or to authorize his transfer from an upstairs unit because detainees are not moved for mere chronic back pain (id. ¶¶ 33-34). Plaintiff said that there were x-rays in his medical record taken at Batavia that showed fractures in his back but Link could not find the x-rays (id. ¶ 35). Plaintiff complained to other employees and officials at Batavia about his condition and Link's failure to treat it but to no avail (id. ¶ 36); he

3

also wrote numerous requests to Link and her supervisor, Sean McMahan[3], and received no responses (id. ¶ 37).

This claim against Link was allowed to proceed to service on plaintiff's motion for leave to proceed in forma pauperis (Docket No. 10, Order of Aug. 16, 2012, at 11).

*Link's Motion to Dismiss*

After seeking extension of time to answer or move to dismiss (Docket Nos. 12 (motion), 13 (Order granting extension)), Link filed her present motion to dismiss (Docket No. 14). Link contends that plaintiff failed to state a claim for deliberate indifference relating to the medical care for his back (Docket No. 14, Link Memo. at 5-7) or his infected foot (id. at 7-9) by failing to allege both the subjective and objective prongs for a deliberate indifference claim (id. at 5-6, 7). With the back claim, Link argues that both prongs were not established (id. at 5-6) while for the foot claim, Link concedes that plaintiff alleges the objective "serious medical need" prong but fails to allege the subjective element, that Link knew and consciously disregarded the dangers to plaintiff's health (id. at 7).

Plaintiff responds that he stated an adequate claim against Link in a short and plain statement consistent with Federal Rule of Civil Procedure 8(a)(2) (Docket 21, Pl. Response at 1-3).

In her reply, Link notes the "less stringent" pleading standard for pro se parties but concludes that plaintiff had not addressed the substantive deficiencies of the Complaint or distinguish the cases Link cites (Docket No. 22).

---

[3]Claims against McMahan were dismissed, Docket No. 10, Order of Aug. 16, 2012 at 12-13, 18, when plaintiff failed to move for leave to amend the Complaint to assert claims against him.

**DISCUSSION**

I.      Applicable Standard

    A.      Motion to Dismiss

Link has moved to dismiss the Complaint on the grounds that it states a claim for which relief cannot be granted. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46); Hicks v. Association of Am. Med. Colleges, No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4 (D.D.C. May 31, 2007). To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5. As recently reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), rev'g Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007),

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Twombly, supra, 550 U.S.] at 570 . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it "stops short

5

of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 . . . (brackets omitted).

Iqbal, supra, 556 U.S. at 678 (citations omitted).

The pleading of a pro se plaintiff, however, is to be liberally construed, see Haines v. Kerner, 404 U.S. 519 (1972) (per curiam).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, [550 U.S. 544, 555], 127 S. Ct. 1955, 1964, (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp., supra, at [555], 127 S. Ct. 1955, 1964, (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). In Erickson, the Court held that the Tenth Circuit departed from the liberal pleading standards of Rule 8(a)(2) by dismissing a pro se inmate's claims.

> The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed pro se is 'to be liberally construed,' [Estelle v. Gamble, 429 U.S., 97, 106 (1976)], and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,' ibid. (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

551 U.S. at 94; see Boykin v. KeyCorp, 521 F.3d 202, 213-14 (2d Cir. 2008). Thus, the pro se plaintiff's complaint has to be construed "more liberally" than one filed by counsel, Boykin, supra, 521 F.3d at 214.

6

A Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985). In considering such a motion, the Court must accept as true all of the well pleaded facts alleged in the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

B.  Deliberate Indifference

Chief Judge Skretny found that the Fifth Amendment Due Process Clause applies to plaintiff's deliberate indifference claim (Docket No. 10, Order of Aug. 16, 2012, at 11), Cuoco v. Moritsugu, 222 F.3d 99, 106 (2d Cir. 2000); Brown v. Lindsay, Nos. 08CV351, 08CV2182, 2010 WL 1049571, at *15 (E.D.N.Y. Mar. 19, 2010); Caiozzo v. Koreman, 581 F.3d 63 (2d Cir. 2009), as a pretrial detainee. This Court has found that the Due Process Clause standard for deliberate indifference is the same as that under the Eighth Amendment Cruel and Unusual Punishment Clause, Lovell v. Cayuga Correctional Facility, No. 02CV6640, 2004 WL 2202624, at *3 (W.D.N.Y. Sept. 29, 2004) (Larimer, J.)(see also Docket No. 14, Link Memo. at 3-4). As such, this Court will discuss the Eighth Amendment deliberate indifference standard and apply it to this Fifth Amendment situation.

For a deliberate indifference to the medical needs claim under the Eighth Amendment, plaintiff has the burden of proving that defendant acted with deliberate indifference to a serious

7

medical need. Wilson v. Seiter, 501 U.S. 294, 297 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976). "To establish an unconstitutional denial of medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs,'" Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (quoting Estelle, supra, 429 U.S. at 104), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995). Mere negligent treatment or malpractice upon a prisoner or detainee, however, does not create an Eighth Amendment violation, Corby v. Conboy, 457 F.2d 251, 254 (2d Cir. 1972), or a due process violation see Cash v. County of Erie, 654 F.3d 324, 334 (2d Cir. 2011); Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 128 (2d Cir. 2004) (Sotomayor, J.). The deliberate indifference claim has two elements, an objective component, that the deprivation must be sufficiently serious; and a subjective component, that the defendant official must act with sufficiently culpable state of mind. Caiozzo, supra, 581 F.3d at 70-71; Cuoco, supra, 222 F.3d at 106; Hathaway, supra, 37 F.3d at 66. "Sufficiently serious" for the objective component contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain." Nance v. Kelly, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J., dissenting) (quoted in Hathaway, supra, 37 F.3d at 66). Plaintiff needs to prove that defendants wantonly intended to cause him to suffer, Wilson v. Seiter, supra, 501 U.S. at 302, or that defendants were actually aware of the excessive risk to the inmate's health or safety, Farmer v. Brennan, 511 U.S. 825, 837-38 (1994); Caiozzo, supra, 581 F.3d at 69, 71. In Cuoco, the Second Circuit held that this second element of deliberate indifference is shown by something more than mere negligence but without proof of intent, 222 F. 3d at 106-07 (quoting Weyant v, Okst, 101 F.3d 845, 856 (2d Cir. 1996), quoting in turn Farmer, supra, 511 U.S. at 835).

8

II.  Application

Link divides plaintiff's deliberate indifference claims by plaintiff's ailments.

A.  Plaintiff's Back

While Link focuses on plaintiff's back complaints, he also noted pain in his left hip and legs. Plaintiff has alleged, for a motion to dismiss, the objective element in a plausible claim, that he suffered deprivation that led to sufficiently serious pain, suffering severe pain in his legs, back, and hip. Link counters that plaintiff states that he was able to push another detainee in a wheelchair, hence failing to establish this objective element (Docket No. 14, Link Memo. at 5; cf. Docket No. 1, Compl. ¶ 32).

As for subjective element, plaintiff needed to allege Link's state of mind to show that she wantonly intended to have plaintiff to continue to suffer, Wilson, supra, 501 U.S. at 302; Hathaway, supra, 37 F.3d at 66, or that Link disregarded the risk of harm to plaintiff that Link was aware of, Caiozzo, supra, 581 F.3d at 71. While plaintiff alleges facts that should have put Link on notice of his injuries, plaintiff fails to allege the risk of harm he suffered due to Link's insufficient treatment of his back. Thus, plaintiff's claims arising from his back, left hip, and legs should be **dismissed** and Link's motion to dismiss on these claims **should be granted**.

B.  Plaintiff's Infected Right Foot

As for plaintiff's right foot claim, Link argues that the subjective element was not alleged (Docket No. 14, Link Memo. at 7). Again, plaintiff needed to allege that Link disregarded the risk of harm to plaintiff that Link became aware of. Plaintiff has alleged that Link disregard his infected foot. Link prescribed one form of antibiotics and soaking of that foot but that treatment apparently did not work, leading an inspector to later observe plaintiff's condition and order

9

plaintiff's immediate hospitalization (Docket No. 1, Compl. ¶ 25). This differs from plaintiff's back allegations where plaintiff did not claim any disregard to the treatment of his back or allege any injury that results from Link's actions. Link argues that plaintiff fails to discuss the cause for the infection (Docket No. 14, Link Memo. at 7 n.3), but the issue here is whether Link (aware of the condition) disregarded the risk of harm to plaintiff in the manner she treated that infection. Plaintiff is not alleging that Link caused the infection, merely that she failed to adequately treat it.

Therefore, defendant Link's motion to dismiss plaintiff's claims arising from his foot should be **denied**.

## CONCLUSION

Based upon the above, it is recommended that defendant Candace Link's motion to dismiss (Docket No. 14) be **granted in part** (as to treatment of plaintiff's back, hip, and leg ailments) and **denied in part** (as to treatment of his infected right foot).

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

                                                                               */s/ Hugh B. Scott*
                                                                            Hon. Hugh B. Scott
                                                             United States Magistrate Judge

Dated: Buffalo, New York
       April 19, 2013