UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALBERT PARSONS,

                                   Plaintiff,

       v.                                           DECISION AND ORDER
                                                                   12-CV–48

TODD L. TRYON, MS. LINK, et al.,

                                   Defendants.

---

### Introduction

In the instant case a pretrial detainee, proceeding *pro se*, alleges violations of his constitutional rights based upon deliberate indifference to his medical needs. The matter was referred to Magistrate Judge Hugh B. Scott for supervision of all pretrial proceedings pursuant to 28 U.S.C. §636(b)(1). Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 14) On April 19, 2013, Magistrate Judge Scott issued a Report and Recommendation recommending that defendant's motion to dismiss be granted in part and denied in part. (Dkt. No. 23) Both parties filed objections.

A district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. §636(b)(1). Further, the court is required to make a *de novo* determination as to

the aspects of the Report and Recommendation to which specific objections are made. 28 U.S.C. §636(b)(1)(C).

For the reasons set forth in detail below, the Court accepts in part and rejects in part Magistrate Judge Scott's Report and Recommendation, and defendant's motion to dismiss is denied in its entirety.

**Procedural Posture**

Plaintiff alleges that defendant Link, a nurse practitioner at the Buffalo Detention Center, Batavia, New York, demonstrated deliberate indifference to the medical care and treatment of his back, left hip, legs and right foot.[1] (Dkt. No. 1) On January 7, 2013, defendant filed a motion to dismiss plaintiff's complaint in its entirety, arguing that plaintiff fails to allege a constitutional violation as a matter of law. Plaintiff filed a response on April 4, 2013 and defendant filed a reply on April 8, 2013. (Dkt. Nos. 21 and 22) Magistrate Judge Scott issued a Report and Recommendation recommending that defendant's motion be granted with respect to the claims arising from the treatment of plaintiff's back, left hip and legs, and

---

[1] Plaintiff's complaint also alleged constitutional violations on the part of Todd L. Tryon, Sean McMahon and Barbosa-Group. In a Decision and Order dated August 16, 2012, all claims against Barbosa-Group were dismissed with prejudice. (Dkt. No. 10) Plaintiff was given until September 20, 2012 to amend his complaint with respect to defendants Tryon and McMahon, but failed to do so. The claims against those individuals were then dismissed with prejudice as directed by the Court's August 16, 2012 Decision and Order. *Id*. Thus, the only remaining claim is "inadequate access to timely medical treatment" against defendant Link.

denied with respect to the claims arising from the treatment of plaintiff's right foot. (Dkt. No. 23)

On May 2, 2013, defendant filed objections to the portion of the Magistrate Judge's Report and Recommendation which recommends that this Court deny defendant's motion to dismiss plaintiff's claims related to the care and treatment of plaintiff's foot.  (Dkt. No. 24)  Defendant argues that the Magistrate Judge erroneously applied the subjective prong of the two-part standard for a deliberate indifference claim by a pre-trial detainee, which requires that the defendant act with a sufficiently culpable state of mind.  *Id*.

On May 7, 2013, plaintiff filed objections to the portion of the Magistrate Judge's Report and Recommendation recommending dismissal of plaintiff's deliberate indifference claims related to his back, left hip, and legs.  (Dkt. 26) Therein, plaintiff alleges for the first time that he was "over prescribed medication for [his] preexisting back injury which put [his] health and safety at risk."  *Id*. Plaintiff also asks that this Court "compel the medical staff to release all medical records concerning all actions, prescriptions, entries, or otherwise concerning treatment, observation or otherwise concerning my back, left hip, and legs." Plaintiff claims that these documents contain "facts and statements" which will support his deliberate indifference claims with respect to the treatment of his back, left hip, and legs.  *Id*.

Defendant responded to plaintiff's objections and motion to compel on May

3

14, 2013. (Dkt. No. 27) Plaintiff responded to defendant's objections May 30, 2013, (Dkt. No. 28), at which time this Court considered the matter submitted.

## Discussion

While the Eighth Amendment's prohibition with respect to cruel and unusual punishment does not apply to pretrial detainees, the Fifth and Fourteenth Amendments provide pretrial detainees, like plaintiff, a due process right to adequate medical treatment that is parallel to the Eighth Amendment rights afforded to sentenced prisoners. *Lovell v. Cayuga Correctional Facility, et al.*, 2004 U.S. Dist. LEXIS 20584 (WDNY 2004). In order to establish an unconstitutional denial of medical care and treatment under either the Fifth or Eighth Amendments, a prisoner must demonstrate deliberate indifference to their serious medical need. *Cuoco v. Moritsugu*, 222 F.3d 99 (2d. Cir. 2000). The "serious medical need" prong is an objective component, which requires "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Nance v. Kelly*, 912 F.2d 605, 607 (2d. Cir. 1990). Determining whether a prison official acted with deliberate indifference is a subjective test, and requires the knowing or conscious disregard of an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Mere medical malpractice" is not akin to deliberate indifference. *Cuoco*, 222 F.3d at 107.

With respect to plaintiff's claims concerning his infected right foot, plaintiff

sufficiently alleges a serious medical condition. His complaint states that he suffered a serious staph infection which required treatment at Erie County Medical Center, where a physician informed plaintiff that he had been at real risk of losing his leg below the knee. In her objections, defendant argues that plaintiff fails to meet the subjective component of the test, since plaintiff's allegations that treatment was inadequate and delayed amount to mere negligence rather than deliberate indifference. Defendant contends that plaintiff's complaint is devoid of "any allegation that [defendant] refused to treat his foot or disregarded the seriousness of his infection."

However, plaintiff's complaint alleges that after defendant diagnosed plaintiff's infection she refused his request for further examination and he was not placed on antibiotics until three to four weeks later. Based upon the allegations of the complaint, it does not appear that there was ongoing treatment during that time and it is unclear what treatment, if any, occurred from the time that plaintiff was first placed on medication until he was taken to Erie County Medical Center.

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. *Morrison v. Nat'l Austl. Bank*, 547 F.3d 167, 170 (2d Cir. 2008). Drawing all inferences in plaintiff's favor, the complaint seems to allege a gap in treatment and that defendant ignored plaintiff's requests for follow-up care with respect to his serious staph infection. Considering these allegations,

the Court cannot find, as a matter of law, that plaintiff has failed to state a claim of deliberate indifference with respect to the care and treatment of his right foot. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d. Cir. 2006) ("Submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments they suggest.")  Thus, defendant's motion to dismiss plaintiff's claim regarding the care and treatment of his foot was correctly denied by the Magistrate Judge.  The Court adopts this finding.

With respect to the second portion of the claim, Magistrate Judge Scott recommended dismissal of plaintiff's allegations related to the treatment of his back, left hip and legs because plaintiff failed to "allege the risk of harm he suffered due to [defendant's] insufficient treatment of his back."  However, plaintiff's complaint alleges that from April 2011 through January 2012 he made multiple requests that defendant examine his back, left hip and both legs, because of a prior serious injury he received as a result of being kicked by a horse.  Plaintiff allegedly complained of severe pain and difficulties climbing stairs.  He claims he received no care or treatment for these complaints during this time, despite the fact that he explained to defendant that "both legs go numb and are very painful [and] that his back and left hip would be in constant pain." (Dkt. No. 1)  Further, in his objections, plaintiff states that he was "over prescribed

medication for [a] preexisting back injury". ² It is unclear as to whether defendant prescribed the medication in question and what complaints plaintiff made, if any, regarding the medication or its effect on him.

Again drawing all reasonable inferences in favor of plaintiff, the Court finds that plaintiff has sufficiently alleged a serious medical condition based upon the injuries and prior treatment of his back, left hip and legs, and that defendant ignored plaintiff's complaints and requests for treatment with respect to this condition. See Chance v. Armstrong, 143 F.3d 698, 702 (2d. Cir. 1998) (a serious medical condition exists where "failure to treat a prisoner's condition could result in...the unnecessary and wanton infliction of pain"); Rivera v. Goord, 119 F. Supp.2d 327, 337 (SDNY 2000) (headaches and severe pain sufficient to constitute a serious medical condition); Sereika v. Patel, 411 F. Supp.2d 397, 406 (SDNY 2006) (allegations of severe pain and reduced shoulder motility are sufficient to raise a material issue of fact as to a serious medical condition).

Thus, the Court rejects the portion of the Report and Recommendation finding that defendant's motion to dismiss plaintiff's claims arising from the

---

² Defendant contends that since plaintiff did not raise this allegation in his complaint or response to the motion to dismiss, it is improper for plaintiff to raise it now. Local Rule 72(c) requires a party to identify any new arguments raised and to explain why they were not raised before the Magistrate Judge. However, because plaintiff is proceeding pro se, the Court will not refuse to consider this allegation solely because it was not raised before the Magistrate Judge. Haines v. Kerner, 404 U.S. 519 (1972) ("In a pro se case, the Court must review the submissions by a more lenient standard than that accorded to formal pleadings drafted by lawyers.")

treatment of his back, left hip and legs should be granted. Plaintiff may proceed with respect to these claims as well.

## Conclusion

For the reasons stated above, defendant's motion to dismiss shall be denied in its entirety.[3]

The case will be transferred back to the Magistrate Judge for further proceedings.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: June 28, 2013

---

[3] With respect to plaintiff's motion to compel the production of various medical records related to the treatment he received while at the Federal Detention Center in Batavia, the Court finds that since discovery has not yet commenced, plaintiff's motion to compel is premature. Therefore, plaintiff's motion to compel is denied without prejudice for renewal, if appropriate, later in the proceeding.